LULLY ANN RUPARD et al. *v.* WILLIS RUPARD'S ADMINISTRATOR.

**Personal Representative — Suit to Settle Personal Estate Among Creditors — Heirs Not Proper Parties — No Guardian Ad Litem Necessary.**

Where there is no real estate to sell, and as the administrator represents the heirs, they are not necessary parties to a suit to distribute the said estate of the decedent among his creditors, as the decedent was insolvent. There was no error in not appointing a guardian *ad litem* for the infant heirs.

APPEAL FROM CLARK CIRCUIT COURT.

January 31, 1867.

OPINION OF THE COURT BY JUDGE WILLIAMS:

There is nothing to show that the administrator of Willis Rupard, deceased, collected the $375 which had been adjudged by the Madison Circuit Court to the widow as an equivalent for her dower interest in the land sold by her deceased husband to Edmonson; and if he did collect it he did so as her agent and not as administrator, as it was no part of the assets in his hands he committed no error in not reporting it and the court had nothing to do with it in distributing the assets *pro rata* among decedent's creditors. There was no real estate to sell and as the administrator represents the personal estate and not the heirs-at-law of decedent they were unnecessary parties in a suit for a *pro rata* distribution of personalty alone among the creditors of the insolvent decedent; therefore, there was no reversible error in

not appointing a guardian *ad litem* for the minor children and heirs-at-law of decedent who were made parties and served with process.

Wherefore, the judgment is *affirmed*.